## HILL v. PENNSYLVANIA GREYHOUND LINES, Inc.

### No. 9684.

United States Court of Appeals
Third Circuit.

Argued Dec. 10, 1948.

Decided April 5, 1949.

Harold E. McCamey, of Pittsburgh, Pa. (Dickie, Robinson & McCamey, of Pittsburgh, Pa., on the brief), for appellant.

Clarence A. Fry, of Pittsburgh, Pa. (Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., and James G. Moore and Thomas S. Barbor, both of Indiana, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, and O'CONNELL, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an appeal from an order denying the motion of the defendant for a new trial in a diversity personal injury action which had resulted in a verdict in favor of the plaintiff.

On September 2, 1943 appellee was a passenger on a bus. The driver of the bus, to avoid a train of freight cars standing on a grade crossing directly in his path, turned off the road. In so doing, the bus first struck a pole and then went on and hit a house. Appellee was forced against the steel right arm of his seat which bent at a thirty degree angle. As a result he injured his right side. He had a lot of difficulty straightening up and testified that "it was very painful when I did." Thereafter he continued suffering pain. He saw several physicians in his home town and was finally advised to consult Dr. Stuart M. Rowe in Pittsburgh. He saw Dr. Rowe in June 1947. The doctor diagnosed his condition as "a herniated intervertebral disk [sic] on the right side, at the fourth lumbar intervertebral level." On June 12, 1947 Dr. Rowe operated on Hill for that condition. The case came in to the district court because of diversity of citizenship. It was tried in November 1947. Thereafter the District Judge denied defendant's motion for a new trial.

The principal point urged on appeal is that the plaintiff has failed to meet the burden of proof as far as proving any causal relationship between the accident and the alleged disability and has definitely shown that the condition could have resulted from causes other than the accident. This issue was sharply contested and handled in lawyer-like fashion by the attorneys on both sides. We are not on this appeal concerned with weighing the evidence. We are very much concerned with whether the District Judge abused his discretion in refusing to allow a new trial. In other words, does the record below justify the action of the lower court?

Hill said that in 1942 *the muscles of his upper back,* about six or seven inches above the belt, had been strained (1) while removing a plank from a bracket and (2) by some "fool kid" pushing him. This is contradicted by defense medical testimony which if accepted would tend to show that much the same back symptoms existed in 1942 as in 1947. That evidence insists that Hill's back condition was congenital whereas Dr. Rowe says that "there is a connection between the accident and his intervertebral disk [sic]." Dr. Kellam who was strongly relied on by the defense, says that Hill's trouble is a horizontal sacrum. Dr. Rowe states that the condition was above the sacrum and was a ruptured lumbar disc. Dr. Rowe actually performed the operation indicated by his diagnosis.

Appellant contends that Dr. Rowe's testimony should not have been admitted, particularly because the doctor agreed that if Hill "had had a *low* back pain prior to that time [bus accident] it was possible for his present trouble to have then originated."[1] (Emphasis supplied.) Pennsylvania law is stated to be controlling on this point. Whether it is or not need not be decided since even under such test the evidence was proper. It is true that the Pennsylvania decisions will not permit a medical witness to say that the injury *could* be the result of the accident. Cf. Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666. Indeed the District Judge sustained an objection to that very question in this trial. And Pennsylvania does hold that on such circumstances as those before us, a medical witness in his opinion must directly relate the injury result to the alleged cause. Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256; McCrosson v. Philadelphia Rapid Transit Co., 283 Pa. 492, 494, 129 A. 568. But we agree with the trial court that the testimony of Dr. Rowe comes within this rule for the latter does so directly connect

---

[1] One of the three questions to Dr. Rowe on this point did not specifically refer to *low* back pain. The other two did and clearly the examination was pointed directly to that "area."

the condition he found and for which he operated, to the accident. Dr. Rowe further states if Hill had had a low back condition prior to the bus collision that it could possibly have caused the herniated disc. But Hill says that what happened to him in 1942 was muscle sprain of the upper back. This in turn is contradicted but the credibility question arising was rightfully for the jury and passed upon by that body. The jury's action in this respect was carefully reviewed and affirmed by the trial judge. We find no error in this phase of the case.

Appellant's remaining argument is that there was no allegation of the herniated intervertebral disc in the complaint, therefore that it was error to permit testimony regarding it. The complaint alleged:

"The plaintiff, by reason of carelessness, negligent and unskilled conduct of the defendant as aforesaid, was, in a violent manner, jerked, twisted and caused to be thrown against the steel arm-rest on the right hand side of his chair or seat on the said motorbus so as to incur bruises, contusions and *injuries* to his right side or flank and to his *lower spine*." (Emphasis supplied.)

The herniated disc Dr. Rowe operated upon was at the fourth lumbar intervertebral level "in the low back, just about two inches above the sacrum, so-called tail bone." The diagnosis of the damaged disc and the operation to repair it did not take place until June 1947. The case was not tried until November 1947. The defense could have obtained a further medical examination of this plaintiff prior to trial especially with the accident having happened back in 1943. If it had been really necessary appellant could have obtained a continuance under Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in order to meet such evidence. Under these circumstances the allegations of the complaint were plainly sufficient to include the trial proof of the ruptured disc.

The judgment of the court below will be affirmed.