**COLUMBIA HORSE & MULE COMMISSION CO. et al. v. AMERICAN INS. CO.**

No. 10793.

United States Court of Appeals
Sixth Circuit.
April 22, 1949.

Horace Frierson, of Columbia, Tenn. (Frierson & Queener and R. S. Hopkins, all of Columbia, Tenn., and F. S. Hall, of Dickson, Tenn., on the brief), for appellants.

Reber Boult, of Nashville, Tenn. (Hume, Howard & Davis, of Nashville, Tenn., of counsel), for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This action seeks recovery under an insurance policy for the loss of 43 mules destroyed in a fire near Dickson, Tennessee. By agreement of counsel the case was submitted to the jury for special verdict upon the issues:

No. 1:

"Was the fire that destroyed the barns rented by Plaintiff John Dodd caused by his own act for the purpose of collecting on the insurance policy in question?"

No. 2:

"How many mules were destroyed when plaintiff's barns burned on April 11, 1945?"

---

[3] 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886.

[4] 40 Opinions of the Attorney General, No. 116.

The jury found for the appellants on Issue No. 1, and on Issue No. 2 it found the number of mules destroyed to be 34.

Appellant John Dodd, in an affidavit accompanying the proof of loss and in his testimony at the trial, asserted that the number of mules lost was 43. The jury's finding that 34 mules were destroyed is based upon the testimony of several witnesses who examined the premises immediately after the fire, and is not questioned here. The court considered that the proof of loss and affidavit claiming recovery for 43 mules constituted a willful and material misrepresentation and a false swearing in violation of the policy of insurance, which contained the usual provision that the policy should be void if the insured concealed or misrepresented any material fact or circumstance concerning the insurance or the interest of the insured in the property. Upon this ground and upon the further ground that the record contains no evidence as to the value of the 34 mules found to have been lost in the fire, the court dismissed the action.

Appellants' principal contention is that the court erred in not submitting to the jury the question whether or not Dodd's sworn statement was willfully false and fraudulent, and that the court erred in deciding as a matter of law that a false statement in the affidavit as to the property destroyed by fire avoided the policy. They urge that Dossett v. First National Fire Ins. Co., 138 Tenn. 551, 198 S.W. 889, a decision of the Supreme Court of Tennessee relied upon by the District Court as supporting its decision herein, was an equity case and is not controlling in this action at law. Appellants also urge that innocent or mere mistaken misrepresentation of value, sworn to in a proof of loss, will not avoid an insurance policy. Dossett v. First National Fire Ins. Co., supra, 138 Tenn. at page 554, 198 S.W. 889. They rely upon the established rule that false statements, innocently or inadvertently made, do not constitute fraud or false swearing within the forfeiture clause of the usual policy, nor result in its avoidance. Sundquist v. Camden Fire Ins. Ass'n, 7 Cir., 119 F.2d 955, 957. Hence they maintain that an issue whether Dodd willfully or fraudulently misrepresented the number of mules lost should have been submitted to the jury. Dossett v. First National Fire Ins. Co., supra. Cf. Manhattan Life Ins. Co. v. Francisco, 17 Wall. 672, 84 U.S. 672, 680, 21 L.Ed. 698; Jose Rivera Soler & Co. v. United Firemen's Ins. Co., 299 U.S. 45, 57 S.Ct. 54, 81 L.Ed. 30.

Assuming, but not deciding, that these questions might have been resolved in favor of the appellants if they had been presented free from procedural complications, we think the case is governed squarely by Rule 49(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which reads:

"Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

The two issues submitted were framed after conference between court and counsel, and after ample notice. The issue now raised, namely, whether appellant Dodd's representation as to the number of mules lost was willfully or innocently false, was omitted from the special issues submitted to the jury. Under Rule 49(a), each party, including appellants, waived the right to

a jury trial upon the issue omitted. Waiver on appellants' part is emphasized by the fact that the court in its preliminary charge submitting the issues to the jury, asked counsel for further requests, and later repeated the invitation to submit further requests at the close of the general charge. Appellants did not avail themselves of this opportunity.

No demand was made by either party that a question whether Dodd's misrepresentation was innocent or willful and fraudulent be submitted to the jury before its retirement. It follows that under Rule 49(a) the court was empowered to make a finding on that issue.

The judgment entered in accordance with the finding is not erroneous, and is affirmed.