Helen Corinne Scales TRICE, Executrix,
Plaintiff-Appellant,

v.

COMMERCIAL UNION ASSURANCE
COMPANY, Ltd., et al., Defend-
ants-Appellees.

Nos. 15285–86 and 15345

United States Court of Appeals
Sixth Circuit.

July 14, 1964.

Rehearing Denied Sept. 1, 1964.

Fyke Farmer, Nashville, Tenn., for appellant.

William B. Cain, Columbia, Tenn., Lon P. MacFarland, Columbia, Tenn., Joe W. Henry, Jr., D. C. Lee, Pulaski, Tenn., Malcolm Marshall, Louisville, Ky., on the brief, for appellees.

Before O'SULLIVAN, Circuit Judge, and BOYD and WILSON, District Judges.

FRANK W. WILSON, District Judge.

These three consolidated appeals involve a single lawsuit brought to collect fire insurance upon a feed mill known as the Pulaski Mill & Elevator Company. The mill was damaged by fire upon July

14, 1956. Joe W. Scales, the original plaintiff, was the owner of the Pulaski Mill & Elevator Company property and was the named insured upon policies issued by the seven insurance companies who are defendants herein.[1] The subject insurance policies provided a total coverage of $25,000.00 upon the building and an additional coverage of $25,000.00 upon the machinery and equipment.

At the time of the fire loss, Thurman Smith and the Union Bank of Pulaski, Tennessee, were the holders of an indebtedness approximating $40,000.00, which was secured by a trust deed upon the mill property, machinery and equipment. These lien-holders joined as original co-plaintiffs in the suit, asserting rights under the standard mortgage clauses in the subject policies. In addition to the seven insurance company defendants involved in this appeal, the original suit by the plaintiff, Joe W. Scales, joined two other insurance carriers, seeking recovery for the loss of grain alleged to have been stored in the mill at the time of the fire. The plaintiff, Joe W. Scales, died during the pendency of the suit, and the suit was revived in the name of his executrix, Helen Corinne Scales Trice, who is the appellant herein.

Among other matters asserted in defense of the suit, the defendants below contended that Scales had been guilty of procuring the burning of the said mill and had been guilty of fraud, false swearing and wilful misrepresentation in submitting a proof of loss on the fire in which it is contended he misrepresented the size of the grain storage bins and the quantity of grain lost in the fire. Each side sought to recover of the other a statutory penalty for the other having allegedly exercised bad faith in the bringing of the suit or in the defending of the suit (56–1105 and 56–1106, T.C.A.). The case was tried before a jury. Shortly before completion of the trial and submission of the case to the jury, a settlement was effected between the mortgagee plaintiffs and the seven defendants, in which settlement a total of $32,962.50 was paid to the mortgagees under the building coverage and machine coverage policies, representing a payment on principal of $25,000.00 and a payment on interest of $7,962.50. A judgment of dismissal was thereafter entered as to the mortgagees' lawsuit. The plaintiff, Helen Corinne Scales Trice, was not in any way a party to the settlement between the defendants and the mortgage holders, and the trial of her case was continued with the case being submitted to the jury upon special issues. The jury found that Scales had practiced fraud in the proof of loss submitted with reference to the grain and contents policies, but had not procured the burning of the feed mill property and had not been guilty of fraud with reference to the building policies or the machinery and equipment policies. The jury further found that Scales had acted in bad faith in bringing the lawsuit against the two defendants upon the grain and contents policies, and awarded these defendants a judgment of $3,000.00. The jury further found that the plaintiff was entitled to recover of the remaining seven defendants the sum of $25,000.00, the policy limits, upon the building policies and $20,000.00 upon the machinery and equipment policies, wherein the policy limits totalled $25,000.00. The claim of the plaintiff for a statutory penalty by reason of bad faith refusal of the defendants to pay the plaintiff's insurance claims was denied by the jury.

The above jury verdict was returned upon May 18, 1962, and upon May 25, 1962, the clerk entered a judgment thereon, awarding a judgment in favor of the

---

1. The seven defendants who are appellees here are Commercial Union Assurance Company, Ltd., American National Fire Insurance Company, North British & Mercantile Insurance Company, Ltd., New Hampshire Fire Insurance Company; Citizens Insurance Company of New Jersey, Queen Insurance Company of America, and The Home Insurance Company. The case was tried and submitted jointly as to these seven defendants.

plaintiff, Mrs. Trice, and against the seven defendants who were the building and equipment insurance carriers in the sum of $25,000.00 for damages to the insured building and for $20,000.00 for damages to the insured machinery and equipment, and awarding a judgment in favor of the two defendants who were grain insurance carriers and against the plaintiff, Mrs. Trice, in the sum of $3,-000.00.

As noted above, a judgment of dismissal was entered as to the claims of the mortgagee plaintiffs upon an agreed settlement, this judgment of dismissal being entered under date of May 28, 1962. The plaintiff, Mrs. Trice, so the record reflects, has paid the $3,000.00 judgment in favor of the two grain insurance carriers, so that this suit remains pending only as between the plaintiff, Mrs. Trice, and the seven defendants who have the building and equipment coverage.

The issues raised upon these three appeals involve not only matters that transpired at the trial of the case prior to the entry of the judgment upon May 25, 1962, but also matters that arose in subsequent proceedings before the trial court. It is therefore necessary to recount the events in the record subsequent to the entry of the judgment upon May 25, 1962.

Upon May 28, 1962, a motion for judgment notwithstanding the verdict or in the alternate for a new trial was filed upon behalf of the seven defendants involved in this appeal. Upon June 4, 1962, a motion was filed by the plaintiff seeking to have the judgment amended to include interest from the date the suit was filed. Upon July 23, 1962, the Court entered an order amending the judgment of May 25, 1962, so as to allow the plaintiff interest from the date of the filing of the suit, but also allowed the defendants credit for payments made to the mortgagees to the extent the mortgage lien was reduced thereby. Within ten days after the order of July 23, 1962, the defendants renewed their motion for judgment notwithstanding the verdict and for new trial. Each party also filed motions with respect to the order of July 23, 1962, and upon October 8, 1962, the Court overruled the plaintiff's motion to vacate that portion of the order crediting the defendants with the sums paid the mortgagees and overruled the defendants' motions to disallow interest on the judgment, but expressly reserved any action upon the defendants' motions for judgment notwithstanding the verdict or new trial. The plaintiff then on November 7, 1962, filed notice of appeal from those portions of the order of July 23, 1962, and October 8, 1962, allowing the defendants credit for payments made to the mortgagees. This notice of appeal constitutes the basis of the appeal in Docket No. 15285.

Upon December 20, 1962, the Court entered a further order setting aside the jury verdict upon the grounds that the evidence was undisputed that Scales did practice fraud, false swearing and misrepresentation as against the defendants herein, who were insurors of the buildings and equipment, and upon the further grounds that the verdict was against the weight of the evidence insofar as it found that Scales did not burn his feed mill or cause it to be burned and insofar as it found that Scales did not practice fraud, false swearing and misrepresentation as against the defendants herein. The defendants' motions for a judgment notwithstanding the verdict and for new trial were each thereupon sustained. Action was reserved, however, upon the assessment of damages upon the defendants' counter-claims. A notice of appeal was filed by the plaintiff on January 19, 1963, from the order of December 20, 1962. This notice of appeal constitutes the basis of the appeal in Docket No. 15286.

Upon January 25, 1963, the Court entered a further order disposing of all pending matters, including an affidavit of bias filed by the plaintiff and including the counter-claim based upon alleged bad

faith bringing of the suit by the plaintiff. The Court allowed the defendants a judgment of $6,250.00 against the plaintiff upon this counter-claim. A third notice of appeal, which constitutes the appeal in Docket No. 15345, was thereupon filed by the plaintiff, appealing from the order of January 25, 1963. The opinion of the Court upon which the foregoing orders were entered appears under the style of Smith v. Insurance Co. of North America, D.C., 213 F.Supp. 675.

It is apparent from the foregoing statement of the record that the appeals taken November 7, 1962, and January 19, 1963, in Dockets Nos. 15285 and 15286 respectively, were prematurely taken in that the orders from which they were taken were not final judgments subject to appeal under 28 U.S.C. § 1291. The alternate motions for judgment notwithstanding the verdict or for new trial filed May 28, 1962, remained pending at the time the notice of appeal was filed in both Dockets Nos. 15285 and 15286 and the motions were not finally disposed of until the order of the Court entered January 25, 1963. These appeals should therefore be dismissed. The filing and pendency of these untimely appeals did not divest the Trial Court of jurisdiction to proceed to a final judgment. United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944); Healy v. Pennsylvania R. Co., 181 F.2d 934, cert. den. 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (C.C.A.3, 1950); Resnik v. LaPaz Guest Ranch, 289 F.2d 814 (C.C.A.9, 1961). Furthermore, all issues raised by the appeals in Dockets Nos. 15285 and 15286 are likewise asserted in Docket No. 15345, which appeal the Court will now proceed to consider.

The appellant (the plaintiff below) contends that the Trial Court was in error (a) in granting the judgment notwithstanding the verdict, (b) in granting the motion for new trial, (c) in awarding damages against the plaintiff for a statutory bad faith penalty without submitting this issue to the jury, and after such claim was barred by the statute of limitations applicable to claims against estates, and (d) in ruling upon the defendants' motion for judgment notwithstanding the verdict and new trial after the filing of an affidavit of bias by the plaintiff.

In granting the defendants' motion for judgment notwithstanding the verdict, the Trial Court concluded that the evidence was undisputed that Joe W. Scales, the insured, in his sworn proof of loss had overstated the size of the grain bins and the amount of grain claimed to have been lost in the fire. The Trial Court further concluded that Scales had made these false representations "knowing either that they were not true or that he did not know they were true," and was thus guilty of fraud, false swearing and willful misrepresentation as a matter of law, thereby entitling the defendants to a judgment notwithstanding the verdict.

A review of the record in this case reveals that it is undisputed in the record that an error or misstatement was made in the proof of loss with respect to the dimensions of certain of the grain storage bins. The proof of loss stated that certain bins involved in the fire had overall dimensions of 20′ x 52′ x 30′, when in fact the bins measured 16′ x 30′ x 17.5′. To constitute false swearing and willful misrepresentation so as to bar the plaintiff's recovery as a matter of law, however, it must appear undisputed that misstatements in the proof of loss were knowingly made with the intent to deceive or defraud the insuror. The knowledge or lack of knowledge as well as the intention or lack of intention upon the part of Scales can only be inferred from all of the circumstances under the record in this case. Scales had died prior to the trial. His statement, taken by the defendants prior to the institution of the lawsuit, was introduced at the trial by stipulation. However, only portions of it appear to have ever been read to the jury. No awareness upon the part of Scales of any error, much

less any admission of willful misrepresentation, is made in this statement. In our opinion the issue of the knowledge or intention of Scales was a disputed issue of fact which required submission of that issue to the jury. The intent with which a false representation is made and the existence of fraud is ordinarily a question of fact to be decided by the jury in view of all of the circumstances. Rooks v. American Brass Co., 263 F.2d 166 (C.C.A.6, 1959); Arkansas Fuel Oil Co. v. Magrath Oil Co., 131 F.2d 318 (C.C.A.6, 1942); Simon v. Goodyear Metallic Rubber Shoe Co., 105 F. 573 (C.C.A.6, 1900); 24 Am.Jur., Fraud and Deceit, Sec. 295. The Trial Court was therefore in error in granting the judgment notwithstanding the verdict upon the issue of fraud, false swearing and willful misrepresentation.

Upon the defendants' alternate motion for new trial, the Trial Court concluded that the verdict of the jury was against the great weight of the evidence both upon the issue of fraud and upon the issue of arson and therefore granted the defendants' motion for a new trial. The action of the Trial Court in ruling upon the motion for new trial after having sustained the judgment notwithstanding the verdict was in accordance with the rule in the case of Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940). The plaintiff contends that the Trial Court was in error in granting the motion for new trial.

The granting of a new trial upon the ground that the verdict is contrary to the weight of the evidence is a matter resting in the sound discretion of the Trial Judge and his action thereon is not reviewable upon appeal except upon a showing of a clear abuse of discretion. As was stated by this Court in the case of Turner v. United States, 229 F.2d 944 (C.C.A.6, 1956) at page 945:

"The controlling question is whether the order of the District Court granting a new trial constituted a clear abuse of discretion. (Citations omitted) It was held in the Spero-Nelson case (Spero-Nelson v. Brown, 6 Cir., 175 F.2d 86) that where the jury's verdict resolves a factual question the trial court's action in overruling such motion cannot be reviewed by the Court of Appeals unless it involves an abuse of discretion. The granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge and his action thereon is not reviewable upon appeal save the most exceptional circumstances. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352–354. We therefore are concerned only as to whether the District Court clearly abused its discretion in granting the new trial. Cf. Hill v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 174 F.2d 171, 172. An appellate court reviewing an order granting a new trial will consider all intendments in favor of the order made by the trial judge. The order will not be reversed if the record discloses any tenable ground in support of the order. (Citation omitted)"

A review of the record in this case reveals that there was no abuse of discretion by the Trial Court in granting the defendants' motion for a new trial. There was substantial evidence in the record to the effect that the insured had been guilty of fraud and false swearing in the proof of loss and that he had participated in procuring of the burning of the subject property.

Having concluded that the judgment notwithstanding the verdict should be set aside but that the Trial Court did not abuse its discretion in granting a new trial, it is not necessary to consider other issues raised in this appeal. The action of the Trial Court in granting the judgment notwithstanding the verdict will be reversed but the order granting a new trial will be affirmed and the case remanded accordingly.