UNITED STATES of America

v.

Peter S. **DOLASCO** et al.

Appeal of Joseph R. **VON ATZINGER**.

No. 72–1302.

United States Court of Appeals,
Third Circuit.

Argued Nov. 3, 1972.

Decided Dec. 29, 1972.

Certiorari Denied April 2, 1973.
See 93 S.Ct. 1558.

John G. Graham, McGlynn, Ruprecht & Graham, Newark, N. J., for appellants.

John J. Barry, Ass't. U. S. Atty., Newark, N. J., for appellee.

Before ADAMS and MAX ROSENN, Circuit Judges, and GREEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by appellant, Von Atzinger, from a judgment of conviction following a jury trial, in the District Court of New Jersey. Appellant and three co-defendants were charged in the first count of a five count indictment with conspiracy under 18 U.S.C. § 371 to rob banks in violation of 18 U.S.C. § 2113(a); to jeopardize lives while so robbing in violation of 18 U.S.C. § 2113(d); and to receive, possess, and conceal, . . . the fruits of such robberies in violation of 18 U.S.C. § 2113(c).

The violations of 18 U.S.C. § 2113(a) and (d) were alleged as objects of the conspiracy and each sub-section was also made the basis for two counts in the indictment charging substantive offenses. Co-defendants Moore, a fugitive, Cosgrove, a prospective government witness, and Dolasco, who had entered a plea of guilty, were severed. Thereupon, appellant, standing trial alone, was convicted as charged on all five counts and sentenced to twenty-five years imprisonment. Appellant now prosecutes this appeal from the judgment of conviction and sentence and alleges particular instances of error during the trial proceedings.

■ Appellant's principal contention on appeal, is that, although the indictment charged a single conspiracy to rob two banks, the evidence clearly reveals that there were two separate and unrelated conspiracies to rob the banks. Appellant, therefore, argues that the trial court's failure, sua sponte, to sever the charges relating to the respective bank robberies was fundamental error requiring reversal. This contention is without merit, and appellant's reliance on Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), is misplaced. Initially, it should be pointed out that Count 1 of the Indictment charged conspiracy not only to rob banks, but also to violate 18 U.S.C. § 2113(c) and (d). We are satisfied that there was substantial evidence of a single, over-all, comprehensive plan to rob both banks. We believe that the testimony of co-conspirator Cosgrove when considered with appellant's testimony is clearly sufficient to sustain the conviction on the conspiracy count. For example, at trial appellant himself testified that Cosgrove suggested "we could go on a couple of jobs together and we got good scores lined up." (N.T. p. 236). The fact that a conspiracy involves more than one offense and extends over a period of time (six weeks) does not mean that each offense is a separate conspiracy. See Blumenthal v. United States, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947); Braverman v. United States, 317 U.S. 49, 52, 63 S.Ct. 99, 87 L.Ed. 23 (1942); United States v. Kenny, 462 F.2d 1205 (3rd Cir. 1972).

Next, appellant argues that the trial court erred in failing to grant a mistrial when the Assistant United States Attorney threw a coat to appellant, which he, as a witness, was to examine. In regard to this incident, the notes of testimony reveal the following:

"Q I show this object and I ask you if you can identify it (throwing).

"THE COURT: Counsel, I don't want you to do that again.

"MR. BROWN: Yes, Your Honor.

"THE COURT: You can walk up to the witness. You have an obligation to be courteous. Don't do that again."

(N.T. p. 282)

\* \* \*

■ ■ We agree that a federal prosecutor must "refrain from improper methods," Berger v. United States, 295

U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Viereck v. United States, 318 U.S. 236, 248, 63 S.Ct. 561, 87 L.Ed. 734 (1943); United States v. Lawson, 337 F.2d 800, 809 (3rd Cir. 1964), cert. denied, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed. 2d 804, rehearing denied 380 U.S. 989, 85 S.Ct. 1349, 14 L.Ed.2d 283 (1965). However, we do not believe that this isolated occurrence was so prejudicial or so fundamental in nature as to deprive appellant of fundamental justice. United States v. Moore, 453 F.2d 601, 604 (3rd Cir. 1971); United States v. Provenzano, 334 F.2d 676, 690–691 (3rd Cir. 1964). See Fed.R.Crim.P. 52. It is clear that the trial court immediately reprimanded the Assistant United States Attorney in the presence of the jury concerning his conduct, even though no objection was then made to it by defense counsel.

■■ Appellant also asserts that the prosecutor's summation to the jury resulted in prejudicial error in that he implied that he had unpresented evidence of appellant's guilt. This assertion is without merit. It is true that counsel should not express his personal opinions or state facts of his own knowledge, not in evidence. United States v. Scalia, 462 F.2d 1301 (3rd Cir. 1972); Gradsky v. United States, 373 F.2d 706 (5th Cir. 1967); McMillian v. United States, 363 F.2d 165 (5th Cir. 1966). However, a careful review of the record shows that the remarks[1] in question were supported wholly by the evidence and were made in response to statements of defense counsel. Even if the statement is given the interpretation suggested by appellant, we find that the isolated comments of the Assistant United States Attorney do not come within the "plain error" standard prescribed by this court in United States v. Lawson, supra:

> "To be successful, [appellant] must bring this prosecution within those 'exceptional cases where justice would

require us to reverse even though the defense counsel voiced no objection to the prosecutor's remarks at the time'." 337 F.2d at 807.

Appellant's other claims of error, relating to the admission of evidence, have been carefully considered and are determined to be without merit. The evidence presented against appellant was admissible and clearly sufficient to support a conviction on all five counts of the indictment. Our examination of the record does not reveal any fundamental error, but clearly reveals that appellant received a just and fair trial.

The judgment of conviction will be affirmed.

---

1. "Now, counsel has asked about eyewitnesses at the bank. Now, ladies and gentlemen, I have tried to be honest with you from the beginning to the end, and where I have a strong case I am not going to try to bring in a bunch of frightened people to identify a man with a ski mask on whom they saw for a fleeting glimpse." (N.T. p. 325).