**Dexter MATTHEWS**

v.

**AUTO OWNERS MUTUAL INSURANCE CO.**

No. 1–86–0087.

United States District Court,
M.D. Tennessee,
Columbia Division.

Feb. 25, 1988.

James Daniel Freemon, Freemon & Hillhouse, Lawrenceburg, Tenn., for plaintiff.

Lewis B. Hollabaugh, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for defendant.

**MEMORANDUM**

WISEMAN, Chief Judge.

Defendant Auto Owners Mutual Insurance Company (Auto Owners) has moved the Court, pursuant to Fed.R.Civ.P. 56(c),

for summary judgment against plaintiff Dexter Matthews (Matthews). For the reasons stated below, the Court finds that summary judgment is inappropriate in this case, and denies Auto Owners' motion.

## I. *Factual Background*

Sometime in January, 1986, Auto Owners issued a homeowners insurance policy to Matthews, insuring both his home and personal property. The policy also provided for additional living expenses in the event that Matthews' home ever became uninhabitable as a result of a covered loss. The policy contained the following provision:

> CONCEALMENT OR FRAUD. This entire policy is void if an insured person has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

On or about March 28 and 29, 1986, while the policy was in full force and effect, Matthews' home and its contents were destroyed by fire. Approximately five days later, on April 3, 1986, Matthews voluntarily gave an oral, recorded statement to Gary L. Haun, an insurance adjuster representing Auto Owners. In this initial statement, Matthews informed Mr. Haun that his ex-wife had removed virtually all of the home's contents prior to the fire. Almost two months later, on May 27, 1986, Matthews submitted a sworn proof of loss statement to Auto Owners in which he listed sixteen pages of household items he claimed were destroyed in the fire. Matthews sought full recovery under the policy for all of the listed items ($44,500), his home ($89,000), and $17,800 in additional living expenses. Auto Owners subsequently refused to pay Matthews' claim.[1]

In light of Auto Owners' refusal to pay, Matthews initiated this lawsuit, seeking to recover fully under the policy. In addition, Matthews sought a 25 percent bad-faith refusal penalty under Tenn.Code Ann. § 56–7–105(a) (Supp.1987). On April 30, 1987, Matthews' deposition was taken on behalf of Auto Owners. In his deposition, Matthews freely admitted to listing items in his proof of loss statement which were not in his home at the time of the fire. When asked to explain why he had done so, Matthews responded that based upon a conversation he had with an Auto Owners insurance agent, he thought he was required to do so. Matthews' deposition testimony further indicated that he was in a confused mental state at the time he completed the proof of loss statement. Matthews, however, did state that he never expected Auto Owners to pay for all of the items listed in the proof of loss statement.

In July, 1987, Auto Owners filed this motion for summary judgment. In its supporting memorandum, Auto Owners argues that Matthews is barred, as a matter of law, from recovering any proceeds under the policy because he intentionally and knowingly made material misrepresentations in his proof of loss statement. Auto Owners claims that under the "concealment or fraud" provision of the policy, such misrepresentations rendered the *entire* policy void. On October 27, 1987, approximately three months after the filing of this motion, Matthews amended his complaint, reducing, *inter alia,* the amount of personal property loss claimed from $44,500 to $6,000.

## II. *Legal Discussion*

Under Fed.R.Civ.P. 56(c), the Court must grant summary judgment if there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In deciding a motion for summary judgment, the Court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. R.C. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). A "material" fact is one which might affect the outcome of the suit under the applicable substantive law. *Id.* A "genuine issue" of material fact exists if the non-moving party presents "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the [facts]

---

**1.** In its Answer to Matthews' Complaint, Auto Owners stated that it refused to pay Matthews' claim for two reasons: (1) that Matthews either committed or procured arson; and (2) that Matthews submitted a fraudulent and false proof of loss statement. *See* Answer at ¶ 4.

at trial." *Id.* "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

In *McConkey v. Continental Ins. Co.,* 713 S.W.2d 901 (Tenn.App.1984), the Tennessee Court of Appeals for the Eastern Section recognized that "[p]olicies of fire and property indemnity insurance usually provide that any fraud or false swearing on the part of the insured ... shall relieve the insurer from liability." *Id.* at 906 (quoting 44 Am.Jur.2d Insurance § 1371 at 299–300). In *Boston Marine Ins. Co. v. Scales,* 101 Tenn. 629, 49 S.W. 743 (1899), the Tennessee Supreme Court distinguished between false statements made in the application for insurance from those made subsequent to the issuance of the policy. According to the *Boston Marine* court, voiding the policy after a loss occurs is "in the nature of a penalty or forfeiture." 49 S.W. at 746. In such a case, "a strict construction should be adopted, and the forfeiture not enforced except on the plainest grounds, if at all." *Id.* Under Tennessee law, therefore, material misrepresentations made in a proof of loss statement do not void an insurance policy, unless evidence establishes, on the plainest grounds, that the misrepresentations were willfully and knowingly made with the intent to deceive or defraud the insurer. *See Trice v. Commercial Union Assurance Co., Ltd.,* 334 F.2d 673, 676 (6th Cir.1964); *Boston Marine,* 49 S.W. at 746; *Nix v. Sentry Ins.,* 666 S.W.2d 462, 464 (Tenn.App.1983). The requisite knowledge and intent "can ... be inferred from all of the circumstances under the record." *Trice,* 334 F.2d at 676. "The intent with which a false representation is made and the existence of fraud [however] is ordinarily a question of fact to be decided by the jury." *Id.*

Matthews admits that he made material misrepresentations in his proof of loss statement. Matthews argues, however, that mistaken or ignorant misrepresentations of loss should not act to void an insurance policy. He further argues that because he relayed accurate and truthful information to an Auto Owners agent shortly after the fire and again in his sworn deposition, Auto Owners should be prevented from relying on the sworn proof of loss statement to deny coverage under the policy.

Given Matthews' conflicting statements and the somewhat unique circumstances of this case, the Court is of the opinion that a genuine issue of material fact exists concerning whether Matthews misrepresented the extent of his personal property loss *with the intent to deceive or defraud* Auto Owners. Because questions of intent and credibility are more appropriately decided by a jury, summary judgment is inappropriate in this case. For these reasons, the Court denies Auto Owners' motion. A pretrial conference will be held in this case on September 22, 1988.