953 F.2d 1385
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
John Edward SKIDMORE, Sr.; John Edward Skidmore, Jr.,
Defendants-Appellees.
 Nos. 91-4093, 91-4094, 91-4171 and 91-4172.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The government appeals the judgments of conviction and sentence in this criminal prosecution insofar as they direct the government to return all seized items to the defendants. The government further appeals the denial of motions to amend the judgments with respect to that provision. The briefing schedule in these cases was placed in abeyance pending this court's review of jurisdiction.
 
 
 2
 The district court's judgments as to these defendants were entered on August 23, 1991. The government filed the motions to amend on September 10, 1991. While those motions were pending, the government filed notices of appeal. (Case Nos. 91-4093/4094). Subsequently, a hearing on the motions was held in the district court, and the government filed supplemental memoranda following the hearing. The district court issued an order on November 14, 1991, finding the motions to amend moot due to the pending appeals. The court denied the motions without prejudice to renewal upon disposition of the appeals. Within thirty days, the government filed additional notices of appeal. (Case Nos. 91-4171/4172).
 
 
 3
 The first two appeals, filed during the pendency of the motions to amend, were premature. See United States v. Ibarra, --- U.S. ----, 112 S.Ct. 4 (1991). Therefore, jurisdiction in those appeals never vested in this court. We have previously held that a premature notice of appeal does not divest a district court of jurisdiction to proceed to final judgment. Trice v. Commercial Union Assurance Co., 334 F.2d 673, 676 (6th Cir.1964), cert. denied, 380 U.S. 915 (1965); see also Cochran v. Birkel, 651 F.2d 1219, 1222 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982). In view of the Supreme Court's decision in Ibarra, it appears that the district court could properly have ruled upon the merits of the motions to amend. Such a ruling on the motions would be helpful in the resolution of the issues ultimately to be determined on appeal. Accordingly, this matter shall be remanded to the district court for an opportunity to do so.
 
 
 4
 It is ORDERED that the appeals in Case Nos. 91-4093/4094 are dismissed for lack of jurisdiction. Further, it is ORDERED that the district court's order of November 14, 1991, is vacated, and this matter is remanded to the district court for its ruling upon the merits of the motions to amend. Any further appeal, by either government or defendant, may be perfected within the applicable time from entry of that order.