Virgil **COCHRAN**, Plaintiff-Appellant,

v.

**Francis J. BIRKEL, Virginia Hager, Bettie Klontz, and Kathy Rubens, All Individually, Defendants-Appellees.**

Nos. 79–3205, 79–3206.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1980.

Decided June 23, 1981.

---

Virgil Cochran, pro se.

Sandra S. Braden, Asst. Pros. Atty., Summit County, Ohio, Akron, Ohio, for defendants-appellees.

Before WEICK and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

ENGEL, Circuit Judge.

Virgil Cochran, proceeding pro se, brought suit on August 1, 1975, against Birkel and other individuals employed by the Summit County, Ohio, Welfare Department and the Ohio Department of Public Welfare charging that he and his son had been unlawfully deprived of food stamp and welfare benefits to which they were allegedly entitled. There is no indication that Cochran either served a separate demand for a jury trial on the defendants or incorporated a demand for a jury trial in his complaint. He did, however, place a check in a box on the Civil Cover Sheet indicating that a jury demand has been made.

Cochran's amended complaint, filed on February 10, 1976, alleged that the termination of his benefits was accomplished without due process and violated the equal protection of the laws guaranteed by the United States and Ohio Constitutions. Jurisdiction was based on 28 U.S.C. § 1343 (1976). Cochran sought compensatory and punitive damages, attorney's fees and costs. This complaint also made no demand for a jury trial.[1]

On October 18, 1978, Cochran for the first time filed a demand for a jury trial in an attempt to comply with Rule 38 of the Federal Rules of Civil Procedure.[2] The motion was denied by the district court on November 20, 1978 because it was untimely filed. The district court also found that Cochran had failed to demonstrate that it should exercise its discretion to grant a jury trial even though he had not complied with the requirements of Fed.R.Civ.P. 38. On November 29, 1978, Cochran sought permission to appeal in forma pauperis the order which denied his motion for a jury trial and granted a protective order with respect to certain interrogatories which Cochran had served upon the defendants. This motion was denied by the district court on January 24, 1979, the same day that the case had been set for a non-jury trial.[3] On January 24, 1979, Cochran did not appear for trial and the district court dismissed the case with prejudice for failure to prosecute.

Two appeals are presently before the court. Appeal No. 79–3205 is from the or-

---

1. This complaint was filed with the aid of an attorney. It is apparently the only part of the proceeding in which Cochran had an attorney.

2. Fed.R.Civ.P. 38 provides:
 (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
 \* \* \* \* \* \*
 (d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial

by jury made as herein provided may not be withdrawn without the consent of the parties.

3. According to the record, the deputy clerk of the court called Cochran on Friday, January 19, 1979, to inform him that the case would possibly go to trial the next week. The clerk called again on Monday, January 22, advising Cochran that the case would be tried on Wednesday, January 24. When the clerk called a third time, Cochran informed her that his case was on appeal. Accordingly, although the denial of the motion to certify was not made until the date of trial, Cochran knew that the court was proceeding to trial.

der of November 20, 1978 denying Cochran's motion for a jury trial and limiting his discovery. Appeal No. 79–3206 is from the judgment of dismissal entered on January 24, 1979.

### I.

█ With respect to the first appeal, there is no serious dispute that the orders· from which Cochran attempted to appeal were nonappealable. It is firmly established that denial of a jury demand is a nonappealable interlocutory order. *Morgantown v. Royal Insurance Co.*, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); *Black v. Boyd*, 248 F.2d 156 (6th Cir. 1957).[4] Likewise, discovery orders are generally not appealable. *See Dow Chemical Co. v. Taylor*, 519 F.2d 352 (6th Cir.), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975).

### II.

In his appeal from the judgment of dismissal for failure to prosecute, Cochran asserts that the first appeal divested the district court of jurisdiction to proceed with the case while the appeal was pending even if it was based on nonappealable orders. Therefore, Cochran asserts that the district court ·was not empowered to proceed to trial or to dismiss the suit.

█ As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction·to the court of appeals. This, however, is not an inflexible rule. *See Jago v. U. S. District Court*, 570 F.2d 618, 619–20 (6th Cir. 1978), and cases cited therein. Thus this court has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal. *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969); *United States v. Frank B. Killian Co.*, 269 F.2d 491 (6th Cir. 1959).[5]

We are faced here, however, with an appeal taken from a clearly nonappealable order. The case law of our circuit is not totally reconcilable.[6] It has been held in several cases that the district court does not have jurisdiction to proceed. *Keohane v. Swarco*, 320 F.2d 429 (6th Cir. 1963); *United States v. Frank B. Killian Co., supra.*[7]

---

**4.** While Cochran might conceivably have sought a writ of mandamus, *see Black v. Boyd, supra*, it is virtually certain that it would not have been issued since the matter was within the discretion of the district judge. Fed.R. Civ.P. 39(b) provides in part that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Cochran argues that checking the box indicating that a jury had been demanded on the Civil Cover Sheet provides at least substantial compliance with Fed.R.Civ.P. 38. This notation is insufficient. While the form of a jury demand may be relatively simple, 5 Moore's Federal Practice ¶ 38.40 (2d ed. 1980), the rule requires that a demand be served upon the other parties "not later than ten days after service of the last pleading" directed to the issue for which a jury trial is sought. Cochran appears to have recognized as much by his later motion. While the issue rarely arises, at least two other courts have held that notation on the Civil Cover Sheet alone is an insufficient manner in which to demand a jury. *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365 (E.D.Pa.1976); *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir. 1979).

**5.** More recent decisions in our circuit have tended to relax the rule where the district court proceeding challenged was in aid of the appellate court jurisdiction. Thus in *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), we spelled out a limited procedure to obtain from the district court a tentative ruling upon a proposed motion to vacate filed in the district court after notice of appeal had itself been filed. And in *Jago v. U. S. District Court, supra*, we construed Fed.R. App.P. 23 as permitting the district court to grant bail to a successful habeas petitioner, although an appeal by the state was then pending.

**6.** While the district judge in this case concluded he had authority to proceed to trial, at least one other district judge in our circuit has reached an opposite conclusion. *See Fleming v. Gardner*, 84 F.R.D. 217 (E.D.Tenn.1979).

**7.** In both of these cases the order appealed from appeared to be final. In *Killian*, there was an order of dismissal, but a motion for reconsideration had been filed. The government in that case sought to appeal the order of dismissal and continue in the district court. In *Keohane*, the party filed a motion to amend after the court had issued an order dismissing the

Shortly after *Keohane*, another panel of our court held that the "pendency of these untimely appeals in the court of appeals did not divest the trial court of jurisdiction to proceed to a final judgment." *Trice v. Commercial Union Assurance Co.*, 334 F.2d 673, 676 (6th Cir. 1964), *cert. denied*, 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801 (1965). *Keohane* and *Trice* appear to have reached opposite conclusions in reliance upon different decisions of the Ninth Circuit. *Keohane* relied upon *Merritt-Chapman & Scott Corp. v. Seattle*, 281 F.2d 896 (9th Cir. 1960), while *Trice* relied upon *Resnik v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961). The Ninth Circuit eventually resolved its own conflict in *Ruby v. Secretary of the Navy*, 365 F.2d 385 (9th Cir. 1966) (en banc), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967), by expressly overruling *Merritt-Chapman* and following *Resnik* to hold that the district court had authority to proceed.

 A majority of the circuits which have considered the matter hold that a notice of appeal from a plainly nonappealable order may properly be ignored by the district court. If a party wishes to test the authority of the district court to proceed, it may seek a writ of prohibition. Principles of sound judicial administration strongly support this view. In *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir. 1972) (per curiam), the First Circuit held that the district court had jurisdiction to proceed while an appeal was pending from a nonappealable order since the appeal was "manifestly deficient." The court observed that "[o]therwise, a litigant could temporarily deprive the court of jurisdiction at any and every critical juncture" merely by filing a notice of appeal from any nonappealable order entered in the district court. The same logic has been adopted by the Fifth Circuit in *United States v. Hitch-*

*mon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), which held:

> We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and that the reasoning of the cases that so hold is sound. The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

The Ninth Circuit adopted the same rule in *Ruby v. Secretary of the United States Navy, supra*, finding that:

> The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals. If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air.
>
> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, *or reference to a nonappealable order*, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. (Emphasis added).

365 F.2d at 388–89. *See also Resnik v. La Paz Guest Ranch, supra*. Other circuits have also followed the rule. *See Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *Leonhard v. United States*, 633 F.2d 599 (2d Cir. 1980). *See also* 9 Moore's Federal Practice ¶ 203.11 at 3–51 (2d ed. 1980). Finding the reasoning of these authorities persuasive,

---

complaint. The same party also filed a motion to appeal because it was uncertain whether its motion to amend was timely. Unlike our present case, both of these cases involved the same party trying to proceed in both courts at once in attacking an order.

*Hogg*, which relied upon *Killian* and *Keohane*, dealt with a motion to strike a notice of appeal after it had been filed. The appeal had been taken from a final appealable order. That case therefore does not fit in the same category, but concerns what proceedings are in aid of an appeal from a final order.

we follow our decision in *Trice v. Commercial Union Assurance Co., supra,* which allows the district court to proceed where the order from which appeal is sought is itself clearly nonappealable.

Having determined to adopt the majority rule, the question then becomes whether its application to this case is so unjust that it should be given prospective effect only.[8] There is no reason which appeals to our sense of equity and dictates a prospective-only application here. Cochran appears to have known that the order was nonappealable. He had notice that trial had been set and deliberately refused to appear. The rule suspending the district court's power to act was never designed to create the legal right in a disgruntled litigant to abuse it. Although Cochran may well have believed that the trial judge was in error,[9] he had no right to stay away when ordered to trial.

Appeal No. 79–3205 is dismissed.

The judgment of the district court in Appeal No. 79–3206 is affirmed.

---

**8.** The factors to be taken into account in deciding whether to apply a rule prospectively or retroactively are stated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). Among these factors is the inequity of a retroactive application. As the Seventh Circuit explained in *Valencia v. Anderson Brothers Ford,* 617 F.2d 1278, 1288–89 (7th Cir. 1980):

> Because prospective-only application is the exception rather than the rule, the party seeking to invoke *Chevron Oil* bears the burden of providing that such limited application is justified.... All three of the factors listed in *Chevron Oil* must be shown to favor prospective-only application before a decision will be denied retroactive effect. (Citations omitted).

**9.** Since we have held that the dismissal for want of prosecution was proper and that the trial judge did not abuse his discretion in denying the untimely motion for a jury trial, the underlying question whether the issues in the complaint were triable to a jury is therefore moot. *See Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), and *Amburgey v. Cassady,* 507 F.2d 728, 730 (6th Cir. 1974) (per curiam), for a discussion of this issue.