779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GENEVIEVE THREET, Plaintiff,
LUCY ANDERSON, ET AL., Appellants
v.
ACE HARDWARE, INC., PERRYSBURG, OHIO; ACE HARDWARE, INC.,
OAK BROOK, ILL., Defendants-Appellees.
 85-3082
 United States Court of Appeals, Sixth Circuit.
 10/30/85
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: KEITH and MILBURN, Circuit Judges; and HIGGINS, District Judge*.
 
 
 2
 Lucy Anderson, as representative of a putative class (the class), has appealed the district court's order denying its October 21, 1984, motion for relief from the April 10, 1984, orders denying class certification and dismissing Genevieve Threet's individual claim. Defendant has moved to dismiss the appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff Threet brought this class action under Title VII alleging sex discrimination. Her original attorney, Robert Affeldt, withdrew from the case and plaintiff proceeded with attorney Thomas Gruhler. On April 10, 1984, Threet and defendant Ace Hardware stipulated to, and the court granted, defendant's motion to dismiss the class action aspects of the complaint. On the same date, Threet and defendant stipulated that they had reached a settlement, and the court ordered the case dismissed with prejudice.
 
 
 4
 On April 27, 1984, attorney Robert Affeldt filed a motion to void the April 10 settlement order on behalf of Lucy Anderson, a purported member of the uncertified class. The court denied the motion on May 4, 1984. The class filed a Fed.R.Civ.P. 52 motion for factual findings and a Fed.R.Civ.P. 59 motion to alter or amend the judgment. The court denied these motions on May 25, 1984. On June 4, the class filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(1), (3) and (6). The court denied the motion by endorsed order on the same date. Also on June 4, Affeldt filed a motion to enforce an attorney's lien against defendant. On June 25, 1984, the class filed a notice of appeal from the orders of April 10, May 4, and May 25. This appeal was docketed as Case No. 84-3497. On July 6, 1984, the court denied Affeldt's motion for attorney's lien. Affeldt appealed, and the appeal was docketed as Case No. 84-3645. On August 6, 1984, the class moved in this Court to 'augment' the appeal in No. 84-3497 to include the June 4 order denying the Rule 60(b) motion. This Court denied the motion to augment and dismissed the appeal as untimely on January 25, 1985.
 
 
 5
 On October 31, 1984, while the appeal was pending, the class filed in the district court a motion to 'supplement' its Rule 60(b) motion. The class argued that the April 10 orders denying class certification and dismissing the complaint should be set aside under Rule 60(b)(2), (3), (4), and (6) on the grounds that these orders resulted from fraud and collusion between Threet and Ace Hardware. The district court denied the motion by endorsed order on December 12, 1984. The class filed a timely notice of appeal from that order, which was docketed in this Court as Case No. 85-3082. Defendant has filed a motion to dismiss the appeal on the grounds that the district court lacked jurisdiction over the October 31 Rule 60(b) motion because appeals were pending in this Court.
 
 
 6
 In general, filing a notice of appeal divests the district court of jurisdiction to act in matters involving the merits of the appeal. United States v. Holloway, 740 F.2d 1373 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 440 (1984); First National Bank of Salem v. Hirsch, 535 F.2d 343 (6th Cir. 1976). A party should move for remand to the district court to file a Rule 60(b) motion while an appeal is pending. First National Bank of Salem v. Hirsch, supra. However, the district court is not deprived of jurisdiction if the notice of appeal is deficient. Cochran v. Birkel, 651 F.2d 1219 (6th Cir. 1981), cert. denied, 454 U.S. 1152 (1982). Jurisdiction must reside in either the district or appellate court; if it is not transferred to the appellate court by a proper notice of appeal, it must remain in the district court. Ruby v. Secretary of the Navy, 365 F.2d 385 (9th Cir. 1966) (en banc), cert. denied, 386 U.S. 1011 (1967), quoted with approval in Cochran v. Birkel, supra. Appeal No. 84-3497 was dismissed by this Court for lack of jurisdiction. Since the notice of appeal in No. 84-3497 was deficient and did not vest jurisdiction in this Court, the procedures established by First National Bank of Salem v. Hirsch, supra, were not required to transfer jurisdiction to the district court. The appeal in No. 84-3645 was from an order denying attorney Affeldt an attorney's lien against defendant. This order is collateral to the merits of the case and was filed by a nonparty to the action. Therefore, the appeal taken from this order did not deprive the district court of jurisdiction to rule on the subsequently filed 60(b) motion. The motion to dismiss the appeal is denied.
 
 
 7
 The parties to this appeal have not directly addressed the class's standing to pursue this appeal. It is well settled that a prospective class member may intervene before or after final judgment for purposes of appealing the denial of class certification. United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977); see Vanguards of Cleveland v. City of Cleveland, 753 F.2d 479 (6th Cir. 1985). The prospective class member does not have the right to appeal unless he intervenes to become a party to the suit. See West v. Capitol Federal Savings & Loan Ass'n, 558 F.2d 977 (10th Cir. 1977). In this case, the class did not attempt to intervene, even though it was apparent that Threet would not appeal the denial of the class certification. See United Airlines Inc. v. McDonald, supra. Since it did not intervenue, the class could not appeal the April 10, 1984, orders because it was not a party. However, a non-party may file a Rule 60(b) motion for relief from judgment based on fraud. Southerland v. Irons, 628 F.2d 978 (6th Cir. 1980). The class alleged in its October 31 Rule 60(b) motion that Threet and attorney Gruhler committed fraud because they approved 'orders which they knew to be not based upon facts' and failed to protect the rights of the absent class members.
 
 
 8
 The standard for reviewing the denial of a Rule 60(b) motion is whether the district court abused it discretion. Union Oil Co. of California v. Service Oil Co., 766 F.2d 224 (6th Cir. 1985); Windsor v. United States Department of Justice, 740 F.2d 6 (6th Cir. 1984). The class seems to construe the April 10, 1984, order denying class certification as the dismissal of the class's claims, which could not be dismissed without notice and hearing under Fed.R.Civ.P. 23(e). Instead, the order merely denied class certification under Rule 23(a) upon finding that Threet was not a suitable class representative. Until the class is certified, the potential class members are mere passive beneficiaries to the suit, not parties. American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). The denial of class certification occurred before Threet's settlement and did not constitute a judgment against the class claims. The non-party class was not entitled to the notice protections of Rule 23(e) until and unless certified. See Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 332 n.5 (1980); United Airlines, Inc. v. McDonald, supra; Sosna v. Iowa, 419 U.S. 393, 399 n.8 (1975). Threet's settlement constituted a judgment on her individual claim and did not compromise the rights of the uncertified class. See United Airlines, Inc. v. McDonald, supra; Love v. Turlington, 733 F.2d 1562 (11th Cir. 1984); West v. Capitol Federal Savings & Loan Ass'n, supra. The class was not affected by Threet's individual settlement and cannot challenge it. Cf. In re Romulus Community Schools, 729 F.2d 431 (6th Cir. 1984). We find that the district court did not abuse its discretion in denying the Rule 60(b) motion.
 
 
 9
 Accordingly, it is ORDERED that the motion to dismiss the appeal is denied and the district court's judgment is affirmed. Sixth Circuirt Rule 9(d)(3).
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation