843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Nos. 87-3378, 87-3657 and 87-3761.
 
 Lester W. SMITH; Western Reserve Group, Inc., Plaintiffs-Appellants,
v.
COMBUSTION ENGINEERING, INC., et al. Defendants-Appellees.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1988.
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs have filed a total of three notices of appeal in this civil rights and antitrust action. These appeals were consolidated by this Court by order dated November 9, 1987. Ten of the eleven named defendants now move to dismiss appeal No. 87-3761 as to those ten defendants, or in the alternative, to dismiss appeal No. 87-3761 in toto for lack of appellate jurisdiction. The plaintiffs oppose the motion.
 
 
 2
 The plaintiffs' complaint alleged claims against each of eleven named defendants and three unnamed defendants under 42 U.S.C. Sec. 1983 and 15 U.S.C. Secs. 1, 2. Ten of the named defendants are Combustion Engineering, Inc., C-E Equipment (a division of Combustion Engineering), and eight past or present officers or employees of those corporations. The claims against the Combustion Engineering defendants have been adjudicated jointly throughout this litigation. The claims against the remaining named defendant, Lawrence K. Hubbel, have been adjudicated separately.
 
 
 3
 The plaintiffs instituted this action on November 18, 1985. Judgment was entered for the Combustion Engineering defendants by orders dated February 19, 1986 and March 24, 1986. The March 24 order disposed of all counts alleged against the Combustion Engineering defendants and was certified for interlocutory appeal pursuant to Rule 54(b), Federal Rules of Civil Procedure. The plaintiffs' motion for reconsideration was denied on March 24, 1987 and plaintiffs filed a timely notice of appeal which has been docketed as No. 87-3378.
 
 
 4
 Summary judgment was entered for defendant Hubbel on the civil rights counts on March 24, 1987 and on the antitrust counts on June 10, 1987. The plaintiffs filed motions to extend the time for appeal pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure, and for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. Prior to the district court's disposition of these motions, plaintiffs filed a notice of appeal which has been docketed as No. 87-3657. Thereafter, on July 24, 1987, the district court entered an order overruling plaintiffs' 4(a)(5) motion as moot and overruling the 60(b) motion on the merits. The plaintiffs filed a notice of appeal from that order on August 5, 1987. This appeal has been docketed as No. 87-3761. The Combustion Engineering defendants now move to dismiss appeal No. 87-3761.
 
 
 5
 The filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 641 n. 10 (6th Cir.1982); Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir.1981); First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976) (per curiam). The district court retains jurisdiction only to proceed with matters that are in aid of the appeal. Cochran v. Birkel, 651 F.2d at 1221-23 (where appeal is taken from a clearly nonappealable order); Jago v. United States District Court, 570 F.2d 618, 619-22 (6th Cir.1978); S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d at 641, n. 10. Once jurisdiction has transferred to the appellate court, if the district judge is disposed to grant a 60(b) motion that has been filed with the district court, he may enter an order so certifying. The party may then file with this Court a motion to remand. First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d at 345-46. Absent remand by the appellate court, a district court is without jurisdiction and may not decide a 60(b) motion after the notice of appeal has been filed. S & E Shipping, 678 F.2d at 641-42, n. 10; Gould v. Mutual Insurance Co., 790 F.2d 769 (9th Cir.1986), cert. denied, 107 S.Ct. 580 (1986).
 
 
 6
 In the present case, the order of June 10, 1987 adjudicated all matters alleged in the plaintiffs' complaint. The timely notice of appeal filed on July 8, 1987, divested the district court of jurisdiction in this case. As the district court did not certify an intent to grant plaintiffs' 60(b) motion under Hirsch, jurisdiction has remained with this Court since the filing of the second notice of appeal and the district court was without jurisdiction to enter the orders appealed from in appeal III. Accordingly,
 
 
 7
 It is ORDERED that appeal No. 87-3761 is dismissed for lack of appellate jurisdiction.