849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AGRISTOR LEASING, a Wisconsin Partnership; Plaintiff,
James Saylor; Karen Saylor, Individually and d/b/a Udder
Nonsense Dairy, Defendants, Counter-Plaintiffs,
and Third Party Plaintiffs-Appellees
Cross- Appellants,
v.
HERMITAGE HARVISTORE SYSTEMS, INCORPORATED; Chuck Dowdy;
A.O. Smith Harvistore Products, Inc., Third-Party
Defendants-Appellees,
A.O. Smith Harvistore Products, Inc., Third-Party Defendant
Appellant Cross- Appellee.
 Nos. 88-5279, 88-5315.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Defendants in this private civil diversity action appeal from the district court's orders dated March 1 and March 9, 1988 denying all defendants' motions for new trial. Counter-plaintiffs' have now filed a notice of cross-appeal from the denial of defendants' subsequent Rule 60(b) motion. Defendants have filed a motion to dismiss the cross-appeal for lack of jurisdiction. Counter-plaintiffs' have filed no response.
 
 
 2
 Following the district court's entry of final judgment on June 24, 1987, defendants Hermitage Harvestore (H.H.), Chuck Dowdy (C.D.), and A.O. Harvestore (A.O.S.H.P.I.) all filed motions for new trial or motions to vacate the judgment. Those motions were denied by an order dated August 6, 1987, from which all three of the abovementioned defendants filed notices of appeal on September 1, 1987 (A.O.S.H.P.I.) and September 4, 1987, (H.H. and C.D.), respectively. Jurisdiction transferred to the court of appeals at that time. S. & E. Shipping Corp. v. Chesapeake & Ohio RRy. Co., 678 F.2d 636 (6th Cir.1982).
 
 
 3
 Counter-plaintiffs then moved district court for an extension of time within which to file their notice of cross-appeal. That motion was denied. The counter-plaintiffs then moved the district court for a judicial inquiry to investigate the possibility of juror misconduct. District court granted that motion and said inquiry was held on January 29, 1988. All three defendants made Rule 60(b) motions following the conclusion of the judicial inquiry. These motions were denied on February 8, 1988. It is from the February 8 order that the counter-plaintiffs filed their notice of cross-appeal.
 
 
 4
 Timely notices of appeal were filed by each defendant respectively, from the March 9, 1988 order denying the motions for new trial. It is well settled in this Circuit that the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. S. & E. Shipping Corp. v. Chesapeake & Ohio RRy. Co., supra. Once jurisdiction has transferred to this Court, if the district judge is disposed to grant a Fed.R.Civ.P. Rule 60(b) motion that has been filed with district court, the judge may enter an order so certifying. The moving party may then file a motion to remand with the court of appeals. First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976). See Cochran v. Birkel, 651 F.2d 1219 (6th Cir.1981), cert. denied 454 U.S. 1152 (1982). Absent a remand by the appellate court, a district court may not decide a Rule 60(b) motion to vacate judgment after notice of appeal has been filed, Cochran, supra. See, S. & E. Shipping Corp., supra at note 10; Hirsch, supra at 343.
 
 
 5
 A motion filed pursuant to Rule 60(b) does not toll the time for filing a notice of appeal, Rule 4(a)(4), Federal Rules of Appellate Procedure, nor does an appeal from a ruling on a Rule 60(b) motion bring up the underlying judgment for review. Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n. 7 (1978). The counter-plaintiffs' motion for extension of time to file a notice of cross-appeal was denied. No appeal was taken from the denial of the motion for extension. Absent a timely cross-appeal, counter-plaintiffs cannot now appeal the denial of a Rule 60(b) motion and hope to bring up for review the underlying judgment in an attempt to cure this defect. The notice of appeal filed September 1, 1987 divested the district court of jurisdiction. Accordingly,
 
 
 6
 It is ORDERED that the motion to dismiss be and hereby is granted.