852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jay D. STREET, III, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-1627.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1988.
 
 Before LIVELY, MERRITT and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Petitioner appeals the judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 A review of the record reveals that the final judgment of the district court was filed June 19, 1987 and entered June 26, 1987. Petitioner filed a timely notice of appeal on June 25, 1987. On July 16, 1987 petitioner sought a certificate of probable cause in the district court. Upon consideration of the application for Certificate of Probable Cause, the district court concluded that the petitioner adequately demonstrated his exhaustion of state appellate remedies. Accordingly, the district court construed that application for certificate of probable cause as a motion to reconsider, and granted reconsideration pursuant to Fed.R.Civ.P. 60(b). A certificate of probable cause is granted.
 
 
 3
 The filing of a notice of appeal divests the district court of jurisdiction. See N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir.1987). Absent remand by the appellate court, a district court is without jurisdiction and may not decide a Fed.R.Crim.P. 60(b) motion after the notice of appeal has been filed. S & E Shipping Corp. v. Chesapeake & Ohio R.R. Co., 678 F.2d 636, 641 (6th Cir.1982); Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982).
 
 
 4
 Upon sua sponte review, we conclude that the district court's order of September 10, 1987, granting reconsideration of the prior denial of the habeas petition, clearly evinces the district court's disposition to grant Rule 60(b) relief to the petitioner. Accordingly, the judgment of the district court denying habeas relief entered June 26, 1987 is vacated, and the case is hereby remanded to the district court for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.