853 F.2d 927
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
WARNER AMEX CABLE COMMUNICATIONS; Virgil Reed, President of
WACCI; Patricia Morrison, V.P. and Legal Counsel
of WACCI, Defendants-Appellees.
 No. 88-3417.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1988.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff, a prolific litigator in this court, moves to expedite the appeal, to vacate the judgment, and to remand this appeal from the district court's judgment dismissing this civil rights case. 42 U.S.C. Secs. 1981 and 1982. The defendants move to dismiss for failure to file a brief. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The plaintiff's motion to expedite, vacate, and remand is construed as his brief on appeal. Therefore, the motion to dismiss is denied. After an examination of the record and the plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is an Orthodox Jew. The defendants are a cable television company and two of the company's officers. In his complaint, the plaintiff alleged that the defendants allowed a white-supremacist organization to place a recruiting announcement which was directed in part against Jewish people on the defendants' community bulletin board channel. The district court dismissed the case when the plaintiff did not respond to an order to show cause why the case should not be dismissed.
 
 
 3
 In his brief, the plaintiff argues that he had filed a notice of appeal from an order denying class certification. This notice of appeal, therefore, divested the district court of jurisdiction to enter its judgment of dismissal. The plaintiff's argument is without merit because a district court is not divested of jurisdiction by an appeal from a clearly nonappealable order. Cochran v. Birkel, 651 F.2d 1219, 1222-23 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982). The plaintiff's appeal from the order denying class certification was an appeal from a clearly nonappealable order; accordingly, the district court did retain jurisdiction to enter judgment dismissing this case.
 
 
 4
 After an examination of the record, we agree with the district court's dismissal of this case for the reasons stated in its order. We also note that the defendants are immune from liability for damages under 47 U.S.C. Sec. 558. See Community Television of Utah v. Wilkinson, 611 F.Supp. 1099, 1103 (D.C.Utah 1985), affirmed, 800 F.2d 989, 991 (10th Cir.1986) (per curiam), affirmed without opinion, 107 S.Ct. 1559 (1987).
 
 
 5
 While this appeal was pending, the plaintiff filed a notice of appeal to the United States Supreme Court, citing 28 U.S.C. Secs. 1254(1) and 1651. Because this court had not entered a decision, the notice of appeal under Sec. 1254(1) is clearly invalid. Therefore, this court is not divested of jurisdiction to enter the present order. See Cochran, 651 F.2d at 1222-23. Moreover, the mere filing of a petition for a writ of mandamus or prohibition under Sec. 1651 does not divest this court of jurisdiction.
 
 
 6
 Accordingly, the motion to expedite, vacate, and remand is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.