# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-981

| | |
|---|---|
| John R. Gallagher, | Appellant, |
| v. | |
| Anthony J. Principi, Secretary of Veterans Affairs, | Appellee. |

Before FARLEY, IVERS, and STEINBERG, *Judges.*

## O R D E R

On September 26, 2003, in a single-judge order, the Court dismissed Mr. Gallagher's appeal of the February 14, 2003, denial of reconsideration of an August 16, 1985, decision of the Board of Veterans' Appeals (BVA or Board) for lack of jurisdiction. On October 16, 2003, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision.

Upon consideration of the foregoing, and the parties' prior pleadings, it is

ORDERED, by the single judge, that the motion for reconsideration is denied. It is

ORDERED, by the panel, that the motion for a panel decision is denied.

DATED:  December 30, 2003                    PER CURIAM.

STEINBERG, *Judge*, dissenting:  Based on the following three reasons, I voted to grant the appellant's motion for a panel decision:  (1) The single-judge order issued on September 26, 2003, did not address the appellant's principal argument that on June 24, 2002, he had filed a motion for revision based on clear and unmistakable error (CUE) (hereinafter motion for CUE revision) and not a motion for Board of Veterans' Appeals (BVA or Board) reconsideration (August 21, 2003, Response (Aug. Resp.) at 2-3; September 22, 2003, Response (Sept. Resp.) at 2-3); (2) the BVA Deputy Vice Chairman's mischaracterization of the appellant's motion for CUE revision as a motion for reconsideration (February 14, 2003, Letter (Letter) at 1-2) insulated an otherwise reviewable matter from judicial review; and (3) the appellant was unfairly prejudiced by the BVA Deputy Vice Chairman's actions.

As a starting point, I agree with the determination in the Court's September 26, 2003, order that the appellant's Notice of Appeal (NOA) cannot, under *Mayer v. Brown*, give this Court jurisdiction to review the BVA Deputy Vice Chairman's February 14, 2003, letter here on direct appeal as a denial of a motion for reconsideration of a 1985 BVA decision. *Mayer*, 37 F.3d 618,

619-20 (Fed. Cir. 1994) (concluding that Court may review decisions by (or on behalf of) BVA Chairman under 38 U.S.C. § 7261 only "where it already has jurisdiction by virtue of a timely appeal from a final board decision" because section 7261 "does not independently grant jurisdiction over such actions"). However, I strongly believe that the following matters also need to be addressed. First, the appellant had a right to have the Court address his argument, as presented in his August 21, 2003, response to the Secretary's July 30, 2003, motion to dismiss and his September 22, 2003, response to the Court's August 22, 2003, show-cause order, that he never filed a motion for reconsideration. Aug. Resp. at 2-3; Sept. Resp. at 2-3. Neither the Court's September 2003 order nor the Court's decision here regarding the appellant's October 16, 2003, motion for reconsideration or alternative motion for a panel decision addressed this issue that is absolutely fundamental to this case.

Second, the Board mischaracterized the appellant's June 24, 2002, "Motion for Revision of Decisions Based On [(CUE)]" as a motion for reconsideration when, in fact and in law, it was not one: Not only is it styled as a motion for CUE revision, but it is expressly filed "pursuant to [38 C.F.R. §§] 20.1404 [and] . . . 20.1403 [(2002)]" under "Subpart O-Revision of Decision on Grounds of [CUE]" and specifically refers to CUE at least eight times within the course of the 11-page motion. The appellant states once in the motion that he "requests reconsideration" of the August 1985 BVA decision (Motion (Mot.) at 1), but the words "motion for reconsideration" appear nowhere in his motion, *see* Mot. at 1-11, and the motion contains no reference to Department of Veterans Affairs (VA) regulations under "Subpart K-Reconsideration" in part 20, title 38, of the Code of Federal Regulations, *see* Mot. at 1-11. If the Board had found any ambiguity in the motion as to its classification (and I find no reasonable ambiguity in it), surely the Board had an obligation to resolve that ambiguity in the veteran's favor as a motion for CUE revision, *see* 38 U.S.C. § 5107(b) ("[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant"); however, neither the Board in referring the matter to the BVA Deputy Vice Chairman nor the Deputy Vice Chairman in his February 2003 letter addressed such an ambiguity or section 5107(b).

Third, had the Board properly proceeded with the motion for CUE revision under 38 U.S.C. § 7111, its decision would be subject to judicial review, *see Jordan v. Principi*, 17 Vet.App. 261, 266 (2003) (stating that "[p]ursuant to section 7111, this Court has jurisdiction to review a BVA decision that considered a claim asserting CUE in a previous BVA decision if that claim was pending on or after November 21, 1997"), whereas the Deputy Vice Chairman's February 2003 action is not reviewable as a denial of reconsideration, *see Mayer*, *supra*. In the opinion for a unanimous en banc Court in *Smith (George) v. Brown*, Judge Ivers wrote the following regarding an analogous use of BVA reconsideration to defeat judicial review in this Court:

> Moreover, to accept the Secretary's interpretation of [Veterans' Judicial Review Act] § 402 and section 7103 [of title 38, U.S. Code,] would cause this Court's jurisdiction to turn on the decisions of the Chairman and the BVA. *Cf. C.R. Bard, Inc. v. Schwartz*, 716 F.2d

874, 877-78 (Fed. Cir. 1983) (Federal Circuit holds that, as arbiter of its own jurisdiction, it must have the power to decide whether lower court has jurisdiction and to decide that question independent of conclusion reached by that lower court). The result of such an outcome would allow our jurisdiction to "'float in the air' to be seized by [the lower] tribunal at any time." *Cerullo* [*v. Derwinski*], 1 Vet.App. [195,] 197 [(1991)] (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) (quoting *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966) (en banc), *cert. denied*, 386 U.S. 1011 (1967))). The BVA Chairman could otherwise defeat the right to judicial review at a critical juncture in a case by ordering reconsideration of a prior decision which is beyond the reach of that right.

*Smith (George)*, 8 Vet.App. 546, 552 (1996) (en banc). The above reasoning from *Smith (George)* applies fully to the instant situation, and I believe that the Court's September 2003 order compounds the error of the BVA Deputy Vice Chairman by ignoring the appellant's contention, which is not only entitled to the Court's consideration but is also clearly correct, that he never filed a motion for BVA reconsideration.

I see at least two alternatives to the Court's treating this case as an appeal of the February 2003 Deputy Vice Chairman's letter that construed the appellant's motion for CUE revision as a motion for BVA reconsideration, and dismissing it under *Mayer*, *supra*. The Court, either in denying a panel decision, or, as I would prefer, in granting one, could have noted, analogously to the action taken in *Tablazon v. Brown*, that the motion for CUE revision was misconstrued as a motion for reconsideration, that the motion for CUE revision remains pending before the Board, and that the Court expects it to be adjudicated expeditiously in accordance with its June 24, 2002, place in line. *Tablazon*, 8 Vet.App. 359, 361 (1995) (concluding that appellant's claims were "still open" (and thus not subject to Court review) because "BVA erroneously treated that rating decision as final and required new and material evidence to reopen the appellant's claim of entitlement to service connection for osteoarthritis and/or gouty arthritis"). A second alternative would be for the Court to issue a panel order (1) construing the NOA here as including a petition for extraordinary relief in the nature of a writ of mandamus to bring about a reviewable Board decision on the appellant's motion for CUE revision and (2) directing the Secretary to file an answer. The panel, however, chose not to pursue these alternative approaches.

Finally, the February 2003 BVA Deputy Vice Chairman's letter noted that the appellant had raised a CUE argument and stated: "The motion for review based on CUE in a Board's decision is different from a motion for reconsideration." Letter at 2. The Deputy Vice Chairman then determined (1) that under § 3.343 "recent" VA examination reports and medical records had demonstrated "'some improvement'" and (2) that the Board had "addressed the appropriate rating reduction and considered the reasonable doubt doctrine". *Ibid*.; *see* 38 C.F.R. § 3.343 (2003). This conclusion lacks an adequate statement of reasons or bases and has been insulated from judicial

3

review as part of the BVA Deputy Vice Chairman's letter that purported to be deciding a motion for BVA reconsideration. Furthermore, pursuant to § 20.1405(d), a motion for CUE revision is to be decided by the Board and not by the BVA Deputy Vice Chairman. 38 C.F.R. § 20.1405(d) (2003).

Although I recognize that the appellant may file with the Board another motion for CUE revision as to the 1985 BVA decision, I believe (1) that it would be unfair for him to have to lose the 16 months that have passed since he first filed his motion for CUE revision – because he would have to go to the back of the line and start the CUE process over again – and (2) that the Court should, authoritatively in a precedential action, reject the BVA Deputy Vice Chairman's arbitrary misconstruction of a very clear and explicit motion for CUE revision as a motion for BVA reconsideration. The unfair and unfortunate effect of this mischaracterization, sustained by the Court, has been the denial to the appellant of the availability of judicial review of a section 7111 Board decision on a CUE claim. 38 U.S.C. § 7111; *see Smith (George)* and *Tablazon*, both *supra*.