John and Carol O'DONNELL, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 04–239L.

United States Court of Federal Claims.

Sept. 8, 2004.

John R. O'Donnell and Carol A. O'Donnell, pro se, Liverpool, NY, for plaintiff.

G. Evan Pritchard, U.S. Department of Justice, Washington, D.C., with whom was

Assistant Attorney General Thomas L. Sansonetti, for defendant

## ORDER

ALLEGRA, Judge.

On May 12, 2004, defendant filed a motion to dismiss this case. On June 4, 2004, the court ordered plaintiffs to respond to this motion on or before August 9, 2004, and indicated that no further enlargement of this deadline would be granted. On June 29, 2004, plaintiffs filed a motion for leave of court to depose Ms. Sherry Foote. On July 9, 2004, the government filed its opposition to plaintiffs' motion; plaintiffs filed their reply on July 15, 2004. On July 23, 2004, this court stayed plaintiffs' motion for leave to conduct the aforementioned deposition, as well as all discovery in this matter, pending resolution of defendant's motion to dismiss. On July 28, 2004, plaintiffs filed a notice of appeal from the July 23, 2004 order.

Initially, the court believed that the filing of the notice of appeal stripped it of jurisdiction to resolve the pending motion to dismiss. However, a review of the decisional law indicates that this view was erroneous. Simply put, while a notice of appeal often deprives a trial court of jurisdiction, such is not always the case and is not the case here. A few words of elaboration are in order.

█ To begin with, it is black letter law that "[i]f an appeal is taken from a non-appealable order the [trial court] may proceed with the case as if the notice of appeal had not been filed." 20 James Wm. Moore, et al., Moore's Federal Practice and Procedure § 303.32(2)(b)(iv)(B) (2004). Although neither the Federal Circuit nor this court has apparently addressed this issue, virtually every other court of appeals has affirmed this legal principle. *See, e.g., Antoine v. Cross,* 56 Fed.Appx. 388 (9th Cir.2003); *Venen v. Sweet,* 758 F.2d 117, 120–121 (3rd Cir.1985); *United States v. Ferris,* 751 F.2d 436, 440 (1st Cir.1984); *United States v. Bastanipour,* 697 F.2d 170, 173 (7th Cir.1982), *cert. denied,* 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983); *Cochran v. Birkel,* 651 F.2d 1219, 1222 (6th Cir.1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982);

*Leonhard v. United States,* 633 F.2d 599, 609–611 (2d Cir.1980), *cert denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *United States v. Hitchmon,* 602 F.2d 689, 692–694 (5th Cir.1979); *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338, 340 (10th Cir.1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *United States v. Kapelushnik,* 306 F.3d 1090, 1094 (11th Cir.2002). The general rationale of these cases is that if a circuit court plainly lacks jurisdiction over an appeal, it acquires no jurisdiction whatsoever, thereby leaving jurisdictional control of the case in the trial court. *See Cochran,* 651 F.2d at 1222; *Ruby v. Secretary of the Navy,* 365 F.2d 385, 388–89 (9th Cir.1966) ("[i]f, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air."); *see also United States v. Crescent Amusement Co.,* 323 U.S. 173, 177–78, 65 S.Ct. 254, 89 L.Ed. 160 (1944). Principles of sound judicial administration also underlie these many cases—under a contrary rule, a party could engage in "intentional dilatory tactics" and "inhibit[ ] the smooth efficient functioning of the judicial process" simply by appealing, perhaps repeatedly, non-appealable orders. *Hitchmon,* 602 F.2d at 694.

█ In the case *sub judice,* plaintiff appealed an order staying discovery pending the resolution of defendant's motion to dismiss. This order plainly was not properly appealable and, therefore, does not divest this court of jurisdiction. First, such an order plainly is not a "final decision of the United States Court of Federal Claims," within the meaning of 28 U.S.C. § 1295(a)(3) (2000). Second, it is not appealable as an interlocutory order under 28 U.S.C. § 1292(d)(2) (2000) because, *inter alia,* this court has not agreed—and will not agree—to certify this issue to the Federal Circuit. *See Aleut Tribe v. United States,* 702 F.2d 1015, 1019 (Fed.Cir.1983) (interlocutory appeal dismissed where no certification made under section 1292(d)(2)). Finally, the order in question is not appealable as a "collateral order," because it does not "resolve an important issue completely separate from the

merits of the action." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see also Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 644 (Fed.Cir.1991). Indeed, various decisions have held similar orders not to be appealable under the analogous provisions of the U.S.Code applicable to appeals from district courts. *See Bush v. NationsBank and Manpower Intern., Inc.,* 1999 WL 506729 (D.C.Cir. June 2, 1999); *Marchetti v. Bitterolf,* 968 F.2d 963, 967 (9th Cir.1992); *see also Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1021 (Fed.Cir.1986) ("[a] discovery order incident to a pending action is ordinarily not subject to appeal, and an order quashing a subpoena is typically not a final judgment.").

Based on the foregoing, the court concludes that the Federal Circuit plainly lacks jurisdiction over plaintiffs' appeal and that, under the law, this court thus retains jurisdiction over this matter. Accordingly, on or before October 12, 2004, plaintiff shall file a response to the defendant's motion to dismiss.

**IT IS SO ORDERED.**